*Nov. Term, 1846.*

*Lefler v. Hunt.*

*Tuesday, November* 24.

---

### Lefler *v.* Hunt.

On a trial in assumpsit on the general issue, the plaintiff cannot recover without proof of his demand.

The plaintiff's bankruptcy is a bar to such action for any demand existing prior to the bankruptcy; and the defence is admissible under the general issue.

APPEAL from the *Jasper* Circuit Court.

*Tuesday, November* 24.

PERKINS, J.—Assumpsit. The declaration contains a special count upon a written memorandum, and the common counts. Plea, the general issue with notice of set-off. Trial by the Court, and judgment for the plaintiff. A new trial was denied.

The evidence appears upon the record, and shows that no proof was adduced, on the part of the plaintiff, in support of his cause of action; and that the defendant's evidence in no

manner tended to establish it. The cause of action being denied by the plea, required proof. The judgment was erroneous, and the new trial asked for should have been granted.

There is another question in the cause, the decision of which may be material to its final determination in the Court below. The defendant, among other things, gave in evidence, for what purpose does not appear, a transcript of proceedings in the District Court of the *United States* for the District of *Indiana*, showing that the plaintiff in this suit, on the 1st of *March*, 1842, filed his petition in bankruptcy, and, on the 28th of *November* of the same year, obtained his final discharge as a bankrupt. The indebtedness for which this suit is brought, is stated in the declaration to have accrued on the 19th of *December*, 1842, being subsequent to the plaintiff's being declared a bankrupt. Bankruptcy is a bar to an action by the bankrupt for any indebtedness, due or otherwise, existing prior to the bankruptcy; Acts of Congress, 1841; and may, in assumpsit, be given in evidence under the general issue. 2 Greenl. Ev. 112.—1 Chitty's Pl. 512. This suit, therefore, may be defeated by showing the demand claimed to have existed prior to the plaintiff's being declared a bankrupt.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Biddle*, for the appellant.

*R. A. Lockwood*, for the appellee.